**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| JAMES HARRY HEBERT BORDAGES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02562-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| TENET HEALTHCARE CORPORATION, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

"Bordages is no stranger to litigation in the Western District of Tennessee."[1]  Yet here we are again.  This time pro se Plaintiff James Harry Hebert Bordages, Jr. sues Defendants Tenet Healthcare Corporation ("Tenet"), St. Francis Hospital ("St. Francis"), unknown employees of Tenet, the Federal Bureau of Investigation, the United States Military, unknown law enforcement entities and officers, the State of Tennessee, and unknown employees of the State of Tennessee. (ECF No. 1.)  He alleges civil rights violations under 42 U.S.C. § 1983 and "related statutes" based on "a biomedical device unlawfully implanted in or about April 2010." (*Id.*)  Plaintiff amended his Complaint about two weeks after first suing here.  (ECF No. 6.)

Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters.  Plaintiff then moved to proceed in

---

[1] (*See* ECF No. 26 at PageID 135–36 for a discussion of Plaintiff's "dozen other cases in the Western District of Tennessee—including this case—some of which have been dismissed as frivolous, and some of which remain pending.")

1

forma pauperis.  (ECF No. 8.)  Judge Christoff granted that Motion.  (ECF No. 16.)  And then he amended his Complaint for a second time.  (ECF No. 22.)  Judge Christoff issued a Report and Recommendation ("R&R") in January 2026 recommending that the Court dismiss the case for lack of subject matter jurisdiction.  (ECF No. 26.)  For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** the case **WITHOUT PREJUDICE**.

<u>**BACKGROUND AND THE R&R**</u>

Plaintiff sued here in June 2025.  (ECF No. 1.)  And because he proceeded in forma pauperis, Judge Christoff screened the case under § 1915(e)(2).  (ECF No. 26 at PageID 137.)  That statute provides that a court "shall dismiss [a] case at any time" if it determines that the lawsuit is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

As the R&R accurately notes, the "Complaint is extremely nebulous and difficult to follow."  (*Id.* at PageID 135.)  For example, in his Second Amended Complaint—labeled as his "First Amended Complaint"—Plaintiff appears to allege that Defendants targeted him for "data harvesting."  (ECF No. 22 at PageID 120.)  And that they used "[n]ano-probes [to] monitor and record his cellular activity, which can be transmitted remotely to labs for synthetic tissue and organoid creation."  (*Id.*)  This all relates to Plaintiff's recurring claim that Defendants "unlawfully implanted" a "biomedical device" in him sometime around April 2010.  (ECF No. 1 at PageID 1 ("The current complaint revives and expands upon those claims[.]").)  *See, e.g.*, *Bordages v. United States Just. Dep't*, No. 15-2708, 2015 WL 9267086 (W.D. Tenn. Nov. 5, 2015), *report and recommendation adopted*, 2015 WL 9295994 (W.D. Tenn. Dec. 18, 2015).

Judge Christoff concluded that Plaintiff's claims are so frivolous "that the Court lacks subject matter jurisdiction to even consider them." (ECF No. 26 at PageID 141.) Her R&R notified Plaintiff that he had 14 days to object. (*Id.* at PageID 142.) But he never did.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b), advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Judge Christoff entered her R&R on January 13, 2026. (ECF No. 26.) Plaintiff did not object, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. In fact, the Court agrees with her well-reasoned analysis. She is correct that courts need not entertain a litigant's frivolous accusations during the § 1915(e) screening process. (*Id.* at PageID 139.) *See, e.g.*, *Huey v. Raymond*, 53 F. App'x 329, 331 (6th Cir. 2002) (explaining that "district court[s] [are] given discretion to refuse to accept without question the truth of plaintiff's allegations that are 'clearly baseless,' a term encompassing claims that may be fairly described

as fanciful, fantastic, delusional, wholly incredible, or irrational" (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). She is also correct that this case fits that bill. (ECF No. 26 at PageID 141.) *See, e.g.*, *Burnes v. Clinton*, 238 F.3d 419, at *1 (6th Cir. 2000) (table decision) (affirming dismissal of the case as frivolous when the plaintiff alleged that "[t]hat the named defendants were subjecting her to electronic surveillance, mind-reading, and remote torture").

The Court is not trying to be harsh here. But as it recently explained in an order dismissing another one of Plaintiff's lawsuits: "The Amended Complaint is another example of Bordages's long history of wasting this Court's time and resources. And while the Court does not doubt that he genuinely believes his allegations and that he has been harmed, it must once again dismiss his claims as baseless, vague, and frivolous." *Bordages v. Federal and Military Officials*, No. 25-2653, ECF No. 14 at PageID 61 (W.D. Tenn. Mar. 23, 2026). Enough is enough. The Court agrees with Judge Christoff that Plaintiff's frivolous allegations lack factual or legal support, and so it **ADOPTS** her R&R.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation and **DISMISSES** this case **WITHOUT PREJUDICE**. The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 7th day of April, 2026.

s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE

4